Howard C. Taylor, as the Agent and Representative of the New York Supreme Court to Execute the Trusts Created by the Last Will and Testament of Joseph H. Snyder, Deceased, Plaintiff, *v.* The Astor National Bank, Defendant.

(Supreme Court, New York Special Term, December, 1918.)

Pleading — allegations in complaint in action for an accounting of trust funds deposited with a bank — trusts — demurrer, when sustained — when motion for judgment on the pleadings granted.

The plaintiff in an action for an accounting of trust funds deposited with the defendant bank and wrongfully used by the trustees for their personal purposes, in order to hold the defendant liable must prove either that it appropriated the fund for its private benefit or assisted the trustees to appropriate it for their private benefit after being charged with notice of the conversion.

An allegation of the complaint that the defendant participated in the unlawful diversion and misappropriation of the trust fund by the trustees, is a conclusion of law which unless supported by other allegations of fact cannot aid the plaintiff.

Where the complaint does not allege that the defendant had notice or knowledge that the trustees drew checks upon the trust estate to their individual order with intent to misappropriate the proceeds and there is no allegation that defendant knew that the trustees were drawing or using such moneys for their own purposes, no inference may be drawn that the

defendant assisted the trustees in the conversion of the funds, and defendant's motion for judgment on the pleadings will be granted and the demurrer to the complaint sustained with leave to plaintiff to serve an amended complaint.

MOTION for judgment on the pleadings.

MacIntosh Kellogg, for plaintiff.

White & Case (J. Du Pratt White, of counsel), for defendant.

LEHMAN, J.   The defendant has made a motion for judgment on the pleadings consisting of a complaint and answer.   The action is brought in equity for an accounting of trust funds deposited with the defendant by trustees and wrongfully used by them for their personal and individual purposes.   The gist of the cause of action is that the defendant knowingly participated in the unlawful diversion and misappropriation of said trust fund.   The defendant has demurred to this complaint, claiming that it sets forth no cause of action either at law or in equity, and that the cause of action which it attempts to set forth is an action at law.   Inasmuch as I have determined that the complaint sets forth no cause of action, it is unnecessary to determine whether the attempted cause of action is one in equity or at law.

The complaint alleges that the executors of Joseph H. Snyder, deceased, deposited certain of the moneys belonging to the estate in the defendant bank in an account entitled on the books of the defendant " Joseph H. Snyder, deceased."   Thereafter the executors were directed to turn over to themselves, as trustees, all of the property of the estate of Joseph H. Snyder, including the balance of the money on deposit in that account, and said account was there-

after continued in the defendant bank by the said trustees under the same name. The defendant knew that the amount of money shown by the books to be to the credit of said account were trust funds belonging to said estate. Thereafter the trustees fraudulently and unlawfully drew a large number of checks signed by them as executors of the said estate against said account, to the order of one of themselves and the amounts of said respective checks were wrongfully, fraudulently and unlawfully paid and charged by the defendant against the said estate account of the "Estate of Joseph H. Snyder, deceased," and credited by the defendant to the individual account of the trustee. That thereafter the defendant received, honored and paid numerous checks drawn by the individual trustee on the said account with the defendant, and the moneys so drawn were trust funds of this estate and were not used for trust purposes or purposes of the estate but were wrongfully used for the personal and individual uses of the trustees. The complaint then further alleges: "That the defendant knew, had notice of and knowingly participated in the unlawful diversion and misappropriation of the trust funds of said estate of said Joseph H. Snyder, deceased, which had been deposited with it as aforesaid, and in the unlawful and wrongful use thereof by said John C. R. Eckerson and Oliver L. Jones, as aforesaid." There is no doubt that the complaint sufficiently alleges misappropriation on the part of the trustees for which they could be held liable in an equitable action, and if the defendant participated in said wrongful acts the defendant would also be liable to refund the money. In the case of *Bischoff* v. *Yorkville Bank,* 218 N. Y. 106, the court quoted with approval the statement of law contained in *Allen* v. *Puritan Trust Co.,* 211 Mass. 409: "The principle governing the defendant's lia-

bility is, that a banker who knows that a fund on deposit with him is a trust fund cannot appropriate that fund for his private benefit, or where charged with notice of the conversion join in assisting others to appropriate it for their private benefit, without being liable to refund the money if the appropriation is a breach of the trust.''

It is to be noted that the plaintiff, to bring himself within this rule, must prove either that the bank appropriated the fund for its private benefit or assisted the trustees to appropriate it for their private benefit after being charged with notice of the conversion. In the present case there is no claim or allegation that the defendant appropriated any of the trust funds for its own benefit. It can be held liable, if at all, only for participation with knowledge of the conversion, in the unlawful diversion and misappropriation of the trust funds by the trustees for their benefit. The allegation that the defendant participated in this misappropriation is evidently a conclusion of law which cannot aid the plaintiff unless this conclusion is supported by other allegations of fact contained in the complaint. Since the case of *Bischoff* v. *Yorkville Bank, supra,* the rule is firmly established in this state that the transfer of the funds of the estate to and the crediting of them by the defendant to the trustee or executor in his individual account did not overpass the legal right of the executor or the defendant. ''A fiduciary may legally deposit the trust funds in a bank to his individual account and credit. Knowledge on the part of the bank of the nature of the funds received and credited does not affect the character of the act. The bank has the right to presume that the fiduciary will apply the funds to their proper purposes under the trust.'' In that case it was further held that the moneys transferred to the individual account of the executor or

trustee continued to remain trust funds of the estate and the defendant had a right to presume that they would be used for the purposes of the trust but since the defendant knew that the credits "were of a fiduciary character and were equitably owned by the executor, it had not the right to participate in the diversion of them from the estate or the proper purposes under the will. Its participation in a diversion of them would result from either (a) acquiring an advantage or benefit directly through or from the diversion, or (b) joining in a diversion, in which it was not interested, with actual notice or knowledge that the diversion was intended or was being executed, and thereby becoming privy to it."

The plaintiff has drawn his complaint in this case in order to meet the decision in the *Bischoff* case, but in my opinion he has failed to allege the necessary facts. The complaint does not allege that the defendant had notice or knowledge that the trustees drew checks upon the trust estate to the order of the individual trustee with any intent to misappropriate the proceeds. Consequently up to that time it had committed no wrong and the estate had suffered no injury for the moneys deposited in the trustees' account still retained their fiduciary character. The trustee was still bound to use these moneys for the purposes of his trust and the defendant was not bound to inquire as to the purposes for which each check on this account was drawn but had a right to presume that the trustee would act honestly. If thereafter it had notice or knowledge that the trustee was diverting the money to other purposes and joined in such diversion, it would be liable, but there is no allegation that the defendant knew that the trustee was drawing or using such moneys for his own purposes and, in the absence of such allegation, it certainly cannot be inferred that

the defendant assisted the trustee in his conversion. It is true that the complaint not only states the legal conclusion that the defendant participated in such conversion and in the wrongful use of the trust fund but alleges that it did so knowingly and knew and had notice of such diversion, but the words " participated," " unlawful diversion and misappropriation " and " unlawful and wrongful use " are all conclusions of law and allegations of knowledge or notice of conclusions of law and can hardly help the plaintiff especially where it is evident that they refer only to the knowledge and notice more specifically alleged in the previous parts of the complaint.

It follows that the motion for judgment must be granted, with ten dollars costs, and the demurrer sustained with the right to the plaintiff to serve an amended complaint within twenty days after the notice of entry of order herein.

Motion granted, with costs.