Callahan, J.
In substance, the complaint in this action alleges that the plaintiff was incorporated in December, 1927, and thereupon acquired title to certain real property in the city of New York, that the individual defendants, their principals or predecessors in interest became the owners of all the outstanding capital stock of the plaintiff corporation, that the defendant S. Appel & Company, Inc., entered into a lease for the real property aforesaid at a rental of $12,000 per annum for a term of one year commencing January 1, 1928, that during the period from January 1, 1938 to March 22, 1946, the individual defendants acting as officers and directors in control of the plaintiff corporation charged and received not in excess of $6,600 per annum as rent for the premises occupied by; the defendant cor *603 poration, and that at all times during said period the fair rental value of the premises greatly exceeded that sum. It is further alleged that during the same period the defendants Appel and Bernstein were also officers, directors and stockholders of the corporate defendant. The remainder of the complaint rests largely upon conclusory statements.
The complaint fails to allege what portion of the stock in the defendant corporation ivas held by the defendants Appel and Bernstein or that its occupancy of the premises in question was for their benefit or advantage. For all that appears it might well be that the plaintiff corporation owned or controlled a large majority of the stock of the defendant S. Appel & Company, Inc.
We deem that there is not sufficient in this complaint by way of factual allegations to indicate that the defendants were acting for their own personal gain or to show that their conduct constituted fraud or was so offensive to the rights of the plaintiff corporation as to be the equivalent, of fraud (Kalmanash v. Smith, 291 N. Y. 142, 155). The case is readily distinguishable from Haberman v. New York Ambassador, Inc. (272 App. Div. 375), especially as to the allegations concerning breach of fiduciary duty.
The order appealed from should be reversed, with $20 costs and disbursements to the appellants, and the motion granted, with leave to the plaintiff to serve an amended complaint, within ten days after service of order with notice of entry thereof, on payment of said costs.
Peck, P. J., Cohn, Van Voorhis and Shientag, JJ., concur.
Order unanimously reversed, with $20 costs and disbursements to the appellants and the motion granted, with leave to plaintiff to serve an amended complaint, within ten days after service of the order, with notice of entry, on payment of said costs.