Memorandum: The defendant’s motion for judgment on the pleadings is addressed to the first cause of action contained in the complaint, which alleges that plaintiff sustained damage by reason of defendant’s failure to deliver certain machines at the time agreed upon by the parties. In paragraphs Sixth and Seventh of the complaint plaintiff alleged an agreement on or about August 18, 1945, to buy and sell four certain machines to be delivered in January or February, 1946. Defendant denied those allegations. A bill of particulars was demanded and furnished, in which plaintiff stated that the contract was in writing, consisting of specifications and a so-called “ Purchase Order ”, Ho. 7940, dated September 20, 1945, addressed to defendant. As to the evident discrepancy in dates, plaintiff claims that the bill of particulars controls. Defendant claims that plaintiff’s complaint construed with its bill of particulars, fails to allege the existence of an express written agreement, made prior to delivery, to deliver the machines on certain specified dates and that the fact that there was a sale does not indicate that defendant breached any antecedent executory agreement with respect to delivery. Delivery was actually made in the spring and summer of 1946. A party bringing an action upon a contract must allege the contract relied upon. The office of pleadings is to limit proofs. (Kalmanash v. Smith, 291 N. Y. 142.) The court is under the duty of reading with the allegations of a complaint, the allegations of the bill of particulars. (May Metropolitan Corp. v. May Oil Burner Corp., 290 N. Y. 260.) Such a reading presents a variance and makes it clear that the specifications and purchase order designated in the bill of particulars comprised the contract and do not support plaintiff's first cause of action. All concur. (Appeal from an order denying defendant’s motion for judgment on the pleadings as to the first cause of action in an action for damages for (1) breach of a sales contract resulting from a claimed late delivery of machines purchased from defendant; and (2) breach of warranties as to the machines.) Present — Taylor, P. J., Love, Vaughan, Kimball and Piper, JJ.