George Eilperin, J.
Defendants move to dismiss the complaint pursuant to rule 106 of the Rules of Civil Practice, on the ground that it fails to state facts sufficient to constitute a cause of action; pursuant to subdivision 1 of rule 107 on the ground that this court has no jurisdiction of the subject of the action; and pursuant to subdivision 5 of rule 107 on the ground »hat the action did not accrue within the time limited by law.
The complaint in substance alleges that plaintiff had been employed by defendant Columbia Broadcasting System as a broadcast studio technician and had been a member of the defendant union; that in May, 1944 plaintiff stated to defendant Thompson, an employee of defendant Columbia Broadcasting System, whose duties included the hiring and supervision of broadcast studio technicians, that he desired to resign; that Thompson importuned him to remain; that plaintiff, nevertheless, resigned; that by reason thereof Thompson was motivated in carrying out a scheme to exclude plaintiff from employment in the broadcast industry as a studio technician; that plaintiff applied unsuccessfully to Thompson in January, 1948 for employment with Columbia Broadcasting System; that in March, 1949 Thompson stated to plaintiff that plaintiff’s application had not been acted upon since plaintiff was not a member of the defendant union, and that if plaintiff became a member his application would receive favorable consideration; that in March, 1949 plaintiff reapplied to defendant union for membership; that on October 4, 1949 the union rejected plaintiff’s application; that the rejection was brought about by defendant Weber, chairman of the examining board of defendant union, *945 which determines the technical competence for membership; that defendant Weber recommended rejection of the application upon the ground that defendant Thompson was opposed to readmitting plaintiff to the industry; that defendant Thompson solicited defendant Weber to bring about the rejection of plaintiff; that during 1949 and thereafter plaintiff made various applications to other employers in the broadcast industry, the rejection of which was “brought about ” by defendant Thompson; that by the aforesaid means defendants, acting in concert and conspiracy, excluded plaintiff from employment to his damage.
The gravamen of the action pleaded is that plaintiff was injured by the exclusion of plaintiff from employment in the industry as a technician through the willful design of defendant Thompson and the co-operation of the remaining defendants. Plaintiff concedes in his brief that the Columbia Broadcasting System had a right to refuse to hire him and that the union had a right to deny him membership. He, however, urges that these lawful acts became unlawful when they were aimed at harming him.
Even should the view taken by the plaintiff be adopted, the facts alleged are insufficient to draw the conclusion that Thompson “ brought about ” the rejection of plaintiff in the broadcast industry. If plaintiff was prevented from securing employment because of his failure to be a member of the defendant union, it is not so stated. If he was prevented because of any other reason, the reason does not become apparent from the facts alleged. Accordingly, the allegation that defendant Thompson “brought about ” the rejection of plaintiff in the industry is a mere conclusion of law. (See Kalmanash v. Smith, 291 N. Y. 142, 154.) Furthermore, there are insufficient facts to charge the remaining defendants with a conspiracy. The test of conspiracy is the purpose of the combination and if the object and means are legal there is no conspiracy even though a third party may be incidentally injured (Purofied Down Prods. Corp. v. National Assn. of Bedding Mfrs., 201 Misc. 149). There is no showing that a conspiracy was formulated to do an illegal act. Accordingly, the motions to dismiss the complaint pursuant to rule 106 of the Rules of Civil Practice are granted, Avith leave to plaintiff to serve an amended complaint within 20 days after the service of the order to be entered herein.