Frederick Backer, J.
The defendants Natalie Wagner, also known as Natalie Wood, Robert Wagner and William Morris Agency, Inc., move to dismiss the complaint as to them, pursuant to rule 106 of the Rules of Civil Practice, for legal insufficiency on the face thereof. This is also one of several similar companion motions made by the other defendants in this action for similar relief.
For all of the reasons stated in my decision on the companion motion No. 3, decided simultaneously herewith, I find this complaint legally insufficient on the face thereof to state a cause of action against movants herein and accordingly dismiss the complaint as to them. Moreover, the first cause of action fails to *880 state facts sufficient to constitute a cause of action against the defendants Bobert Wagner and William Morris Agency, Inc., assuming, arguendo, even if a libel action were properly pleaded here. Plaintiff cannot hold Bobert Wagner liable for the alleged tortious acts of his wife solely by reason of their marital relationship (Domestic Belations Law, § 57). Plaintiff uses general conclusory allegations against Bobert Wagner and the William Morris Agency, Inc., viz., that they acted ‘ ‘ in concert ’ ’ and gave their ‘ ‘ direction and sanction ’ ’ to the offending interview. These are mere conclusions without any allegation of the specific facts upon which such conclusions are predicated (Civ. Prac. Act, § 241; Halperin v. Lieberman, 271 App. Div. 878; Kalmanash v. Smith, 291 N. Y. 142, 153).
In respect of the second cause of action, the same is also legally insufficient. The second cause of action, which is framed against Natalie Wood alone, reiterates and realleges virtually all the allegations of the first cause of action. The insufficiencies, therefore, of the first cause of action apply equally to the second cause. Whether plaintiff seeks recovery under the first cause of action for alleged libel sustainable only upon a showing of extrinsic facts, or under the second cause of action for injurious falsehood, neither is sustainable in the absence of an allegation of special damages.
For all of the foregoing reasons, the complaint is dismissed in toto as to these moving defendants. Plaintiff may serve an amended complaint within 20 days after the date of service of a copy of the order to be entered hereon, with notice of entry thereof.
r •