Frank A. Gulotta, J.
This motion to dismiss the complaint as legally insufficient is granted, with leave to replead.
It is apparent that the plaintiff intended to bring a stockholders’ derivative suit for waste and spoliation of the defendant corporation’s assets by the individual defendant directors.
He has not sued in his capacity as a stockholder and as a representative of the other stockholders, on the mistaken notion that he can excuse doing so by showing the hostility of the other stockholders and the futility of asking them to join in the action.
It is not the other stockholders whom you are supposed to ask to sue, but the corporation, since the action belongs to it, and whether the stockholders are hostile or not is no reason for changing the representative character of the action.
See Kavanaugh v. Commonwealth Trust Co. (181 N. Y. 121, 123) wherein it is stated: “ The loss of the corporate funds, resulting from the misconduct of the individual defendants, primarily gave a cause of action to the corporation, not to its stockholders, and no stockholder could maintain an action for the loss he had individually suffered in the depreciation of the value of the share stock held by him.” And further (p. 124): “ The right of action, however, belongs to the corporation, and should be brought by it as plaintiff, but when it will not bring the suit itself, an aggrieved stockholder, after due demand and refusal or unreasonable neglect to proceed, may bring it in his own name upon making the corporation a party defendant. The action must be brought not only on behalf of the plaintiff, but also on behalf of all the other stockholders of the company, and that is the form of the action before us.”
*738 To forestall further motions on the issue, it might be well to point out that it is not a valid objection to a pleading to assert that it contains “ conclusions “ Conclusions of law ” standing alone are objectionable, “ conclusions of fact ” are not. In fact, that is what ultimate facts are. See Carmody-Wait, Cyclopedia of New York Practice (vol. 3, § 24, p. 452) which sums it up as follows: ‘ ‘ Evidentiary facts are those acquired by the senses. They are perceived by sight, hearing, taste, touch, smell and muscular resistance. Ultimate facts are statements of conclusions or opinions acquired by reflection and by natural reasoning upon evidentiary facts.”
However, in this area of stockholder derivative actions, this general rule has been applied with some stringency as in Kalmanash v. Smith (291 N. Y. 142,154,155) where allegations that defendants “caused” the corporation to enter into contracts which “ were not bona fide ”, that they were a “ subterfuge to enable the defendant to unlawfully procure a gratuitous gift of corporate property” and amounted to “waste and spoliation of the corporate assets ’ ’ were held insufficient. It was said: “ such allegations are nothing more than conclusions. ’ ’ (Gerdes v. Reynolds, 281 N. Y. 180.) Without more, this quotation would seem to be an adoption of a requirement to plead evidence. However, later in the opinion the point is made that since the management of a corporation’s affairs is vested in its board of directors, a stockholder’s conclusions which state no more than a difference of opinion as to the advisability of certain business decisions is insufficient to put a director on the defensive. The opinion continues: “Nor may judicial process be invoked to challenge the judgment of directors except when fraud is alleged or conduct so oppressive as to be its equivalent, and facts are pleaded which afford a basis for such allegations. (Weinberger v. Quinn [264 App. Div. 405], 408, 409.) ” (Kalmanash v. Smith, 291 N. Y. 142,155.) Thus it is seen that what the court wants in these matters is something specific to remove the case from the area of mere error of judgment and cast it in the light of fraud or corruption. In other words, ultimate facts are the goal, but they cannot be so far removed from the events themselves as to constitute mere general charges of wrongdoing.
In view of the disposition made of the motion, it is unnecessary to deal more specifically with the substance of the complaint.