It has been frequently decided, and very recently in the case of Pfohl v. Sampson,* that an appeal does not lie to this court from an order made during the pendency of an action granting a temporary injunction, which involves a right connected with the subject of the action, and which may be determined by the final judgment therein. The building erected on the mortgaged premises by the defendant is presumptively a part of the freehold, and subject to the lien of the plaintiff's mortgage, and the court, in the exercise of its ordinary jurisdiction, may, upon the application of a mortgagee, restrain any waste of the mortgaged premises, which would impair the security and imperil the collection of the mortgage debt. (2 Story Eq., § 913; Brady
v. Waldron, 2 J. Ch., 147.) If, in this case, by reason of any agreement between the mortgagor or mortgagee, or of the circumstances under which the annexation was made, the defendant has the right to remove the building erected on the mortgaged premises, the court may, by the judgment in *Page 244 
the action, adjudge and protect it, and may authorize the removal of the building before the sale, or provide that the sale shall be subject to the right of the defendant to remove it afterward. The question as to the existence of the right claimed and the equities of the parties may be determined on the settlement of the decree as incident to the general power and authority of the court to define and describe in its judgment the property to be sold. It is the settled practice of the court to direct, in a judgment of foreclosure, the order of sale of different parcels of the mortgaged premises where there are conflicting rights and equities between subsequent grantees of the mortgagor. (LifeIns. and Trust Co. v. Milner, 1 Barb. Ch., 353.) It is convenient and proper where there is a controversy, as in this case, between the mortgagee and a grantee of the mortgagor as to the right to remove an erection made by the latter on the land, that it should be determined before a sale, so that the sheriff may know what he sells and a purchaser what he buys. We express no opinion on the merits of the question presented, but we dismiss the appeal on the ground that the courts had a discretion to grant the order in question, and that it is not a final determination of the right in controversy.
The appeal should be dismissed.
All concur.
Appeal dismissed.
* Ante, p. 174.