KENNETH L. BERNARD, Appellant, v. THE CHASE NATIONAL BANK OF THE CITY OF NEW YORK, Respondent.

First Department, November 6, 1931.

*Charles E. McMahon* of counsel [*Milton Gladstone,* attorney], for the appellant.

*A. Donald MacKinnon* of counsel [*Andrew Jackson* with him on the brief; *Murray, Aldrich & Webb,* attorneys], for the respondent.

O'MALLEY, J. On plaintiff's motion made under rule 109 of the Rules of Civil Practice to strike out a separate defense as insufficient, his complaint was dismissed. The sufficiency of the defense was not passed upon and the defendant made no counter motion directed to the sufficiency of the complaint.

Plaintiff's appeal is predicated upon two grounds: (1) That in the absence of a counter motion made by the defendant the court was without authority to dismiss the complaint; and (2) that in any event the complaint was sufficient.

Our conclusion is that the first ground urged for reversal is well taken. While it is true that on a motion of this character the defendant may question the sufficiency of the movant's pleading, it does not follow that dismissal thereof is warranted where no counter motion for such relief is made. The record is examined to determine whether the attacking party is in a position to take advantage of his adversary's fault. As said in *Baxter* v. *McDonnell* (154 N. Y. 432, 436, 437): "A demurrer searches the record for the first fault in pleading and reaches back to condemn the first pleading that is defective in substance, because he who does not so plead as to invite an issue cannot compel his adversary to so plead as to accept it. * * * As ' a bad answer is good enough for a bad complaint,' it is necessary to examine the record to see whether the allegations of the complaint are sufficient to constitute a cause of action."

It was well settled under the Code of Civil Procedure that on a motion for judgment on the pleadings by one whose pleading was attacked by demurrer, the power of the court was limited to passing upon the motion made and in the absence of a counter motion by the demurrant to bring on the issues raised by the demurrer, an order dismissing the pleading demurred to was unauthorized. (*Ventriniglia* v. *Eichner,* 138 App. Div. 274; *Kober* v. *Lyle,* 177 id. 903; *Wayte* v. *Bowker Chemical Co.,* 180 id. 568; *Equitable Life Assurance Society* v. *Wilds,* 184 id. 435; *Wilson* v. *Birdsall,* 189 id. 398.) This rule was recognized by the Court of Appeals as late as the decision in *Fosmire* v. *National Surety Co.* (229 N. Y. 564). There, after a demurrer to the complaint, the plaintiff moved for judgment on the pleadings. No counter motion directed to the complaint was made by the defendant. Notwithstanding, the complaint was dismissed. The order thus made was reversed

by the Appellate Division and plaintiff's motion granted. On appeal to the Court of Appeals the order of the Appellate Division was reversed and the order of Special Term which had dismissed the complaint affirmed. On a motion to amend the remittitur seeking leave to serve an amended complaint and for reargument, the Court of Appeals said: "The Special Term properly denied the plaintiff's motion for judgment on the pleadings, but, in the absence of a counter-motion by the defendant, it erred in going farther and dismissing the complaint."

The remittitur was, therefore, amended so as to provide that the order of the Appellate Division be reversed and that of the Special Term modified, by striking out the direction for judgment of dismissal.

Respondent directs our attention to the provisions of rule 112 of the Rules of Civil Practice, enacted since the adoption of the Civil Practice Act, which provides, in substance, that on a motion for judgment on the pleadings, if either party be entitled to judgment the court may grant relief accordingly " without regard to which party makes the motion." It is to be observed, however, that plaintiff's motion here was made under rule 109 of the Rules of Civil Practice, which deals with motions directed to an answer. The time within which a party must move under the latter rule is limited to ten days after the service of the pleading and the motion is to be directed to a dismissal of a counterclaim or striking out a defense consisting of new matter where certain specified defects appear on the face of the pleading. No provision is made for granting any other or different relief than is specifically provided therein. A motion made hereunder differs essentially from one made under rule 112. (*Hale* v. *Hirsch*, 205 App. Div. 308.)

If after the sufficiency of a complaint is specifically raised by demurrer (now motion for judgment), a plaintiff who moves for judgment on the pleadings is entitled to a counter motion directed to his complaint before the court has power to dismiss it, it would seem to follow in reason that a plaintiff against whose complaint no objection has theretofore been made, by counter motion or otherwise, should not be subjected to a dismissal without opportunity to meet the issue until its sufficiency is attacked on argument. Here, the insufficiency of the complaint was not raised even in the opposing papers. It was first questioned in a memorandum of law filed by the defendant.

Attention is called to our decision in *Willey* v. *Cameron, Michel & Co., Inc.* (217 App. Div. 651), decided since the enactment of the Civil Practice Act. It is urged that this decision is authority for the order appealed from. That case, however, presented a situa-

tion where a cross motion was deemed to have been made, and may be regarded as authority only to that extent.

While a further broadening of the powers given under rule 112 so as to obviate the necessity of another motion directed to the complaint may be desirable, we are bound to construe the rules as we find them and in the light of the adjudicated cases establishing rules of procedure.

In this view it becomes necessary to consider the sufficiency of the complaint. We are in accord with the view adopted at Special Term. When fairly considered the complaint sets forth an illegal contract in violation of section 20 of the Trading with the Enemy Act. This provides in substance that before any claim is paid by the Alien Property Custodian satisfactory proof must be presented that the fee of the agent, attorney at law or in fact, or representative of the claimant, shall not exceed three per cent of the claim for his fees. (See 40 U. S. Stat. at Large, 426, chap. 106, § 20, added by 42 id. 1515, § 2, as amd. by Settlement of War Claims Act of 1928 [45 id. 267], § 9, subd. c.)

The complaint shows that the plaintiff contracted with the defendant whereby the latter was to act as the attorney in fact for German claimants, the plaintiff to solicit the claims in Germany and to forward them to the defendant for collection. The defendant was to receive three per cent as its compensation. The complaint shows, however, that it was further understood and agreed between the plaintiff and the defendant that the former would arrange with the claimants in Germany who executed powers of attorney to the defendant, for additional compensation to be paid to him.

From the face of the complaint, therefore, it appears that more than three per cent allowed by law was to be charged to the claimants. It is true, of course, that the defendant as attorney in fact was to receive only three per cent. However, as the plaintiff himself was also to receive compensation, the contract alleged was in violation of the statute. If the arrangements pleaded were permissible, it would result in the purposes of the act being defeated, where one acting as attorney in fact would be permitted to collect the maximum fee allowed and another charge additional compensation for the solicitation of the claim.

It satisfactorily appearing that the complaint is insufficient, the motion attacking the sufficiency of the defenses must be denied.

The judgment and order dismissing the complaint should be reversed, with costs, and the motion denied, with ten dollars costs.

FINCH, P. J., MERRELL, SHERMAN and TOWNLEY, JJ., concur.

Judgment and order reversed, with costs, and motion denied, with ten dollars costs.