ALBERT JARECKY, Appellant, *v.* JOSEPHINE L. O'NEIL and Another, Respondents.

First Department, December 31, 1934.

*Louis Kroll* of counsel [*Victor Roudin,* attorney], for the appellant.
*Irving E. Fromer,* for the respondents.

PER CURIAM. The complaint does not state facts sufficient to constitute a cause of action, and for that reason the motion to dismiss the affirmative defense contained in the answer was properly denied. The complaint itself, however, cannot be dismissed because there was no counter-motion seeking that relief. (*Bernard* v. *Chase Nat. Bank*, 233 App. Div. 384.) The counterclaim is insufficient in facts to constitute a cause of action, and should have been stricken out.

The order should, therefore, be modified by striking out so much thereof as dismisses the complaint; and by denying the motion to strike out the answer, except in so far as to dismiss the counterclaim, and as so modified affirmed, with twenty dollars costs and disbursements to the appellant, with leave to the defendants to serve an amended answer within ten days from service of the order to be entered hereon upon payment of said costs.

Present — FINCH, P. J., MERRELL, TOWNLEY, GLENNON and UNTERMYER, JJ.; UNTERMYER, J., concurs in result; MERRELL, J., dissents and votes to affirm the order appealed from in so far as it denies the motion to dismiss the counterclaim and defense, and to reverse said order in so far as it dismisses the complaint.

MERRELL, J. (dissenting). Plaintiff brought this action in equity to compel specific performance by the respondents of a contract for the purchase of two lots of land in New Jersey which the respondents purchased on the installment plan. In the complaint it is alleged that on May 18, 1931, one Marie Ermert, who then owned the lots in question, contracted with the respondents to sell said lots to them for $1,500, $450 thereof to be paid in cash upon signing and delivery of the contract, and the balance in monthly installments of fifteen dollars, together with interest, until the 1st day of July, 1936, when the balance of the purchase price was to become due and payable. The complaint further alleges that the respondents, in addition to the $450 paid at the execution of the contract, made various payments of installments to and including June 1, 1933, but have since made no further payments. Judgment is demanded by the plaintiff that the respondents specifically perform their contract and pay to the appellant fifteen dollars each month, with interest, until July 1, 1936, and that the balance of the principal be paid to the plaintiff on July 1, 1936.

In their amended answer the defendants allege that the respondents have already paid altogether the sum of $930.48 on account of the purchase price, interest and taxes on said lots. The amended answer further alleges, as a defense and counterclaim, that the

respondents have rescinded the contract in question because of fraud and misrepresentation which induced them to enter into said contract, and demand that the contract be delivered up and canceled, and that the sum of $930.48, which they have paid, be returned to them.

The answer, which is attacked herein as insufficient, is good under the decisions, provided the complaint be defective. If the complaint is insufficient, then the court was justified in refusing to strike out the defense or dismiss the counterclaim. The law is well settled that a bad answer is good enough for a bad complaint, and that the attack of a plaintiff upon an answer permits a scrutiny of the complaint, and, if the complaint be bad, then plaintiff's motion was properly denied. (*Baxter* v. *McDonnell*, 154 N. Y. 432; *Union Ferry Co.* v. *Fairchild*, 191 App. Div. 639.) We think the complaint is defective in that it contains no allegation that the plaintiff is now the owner of the lots in question and is *able* to convey the same. All that the complaint alleges is that the plaintiff is *ready and willing* to perform the contract entered into by the said Marie Ermert as seller of the property. The plaintiff is connected with the contract of sale by the following allegations contained in the complaint:

" 1. Upon information and belief that on or about the 18th day of May, 1931, one Marie Ermert was the owner in fee and possessed of the real property hereinafter particularly described. * * *

" 6. That thereafter and on or about the 5th day of December, 1933, plaintiff herein by decree duly made and entered in the Chancery Court of the State of New Jersey became the owner in fee of all the right, title and interest of said Marie Ermert in and to the contract and land set forth herein and now is the rightful owner thereof."

It will be observed that in the sixth paragraph of the complaint the plaintiff merely alleges that he is the owner of the right, title and interest which, on December 5, 1933, the said Marie Ermert had in and to the contract and land. This, at most, was an allegation of the conclusion of the pleader. No facts are alleged in support thereof. Moreover, plaintiff fails to allege what interest Marie Ermert had in the land on December 5, 1933, and as to whether she had any interest therein at that time. As a matter of fact, she had no interest, as she had been divested of the property prior thereto and had lost the same. There is no allegation that either of the defendants was a party to the action in the Chancery Court of New Jersey in which the decree was entered; nor was there any allegation showing any assignment to plaintiff. We think that is a fatal omission of the complaint.

Upon this appeal the appellant's counsel, for the first time, makes the following claim: " On December 5, 1933, a decree was entered in the Court of Chancery in the State of New Jersey in an action entitled Harriet E. Croissant against Marie Ermert. The decree provided, among other things, that Harriet E. Croissant and Marie Ermert hereby release to appellant all their respective claims in and to their respective right, title and interest in all contracts and lands thereby affected. The land purchased by respondents was thereby affected." Such claim, alleged for the first time upon this appeal, is entirely new, and is not supported by any allegation contained in the complaint. It is a plain attempt to cure plaintiff's defective pleading.

I am of the opinion that the court properly denied plaintiff's motion to dismiss the counterclaim for insufficiency and to strike out the defense therein contained as insufficient in law, and that the order appealed from should be affirmed.

In the opinion of the justice presiding at Special Term it was stated that the plaintiff's " motion is denied and the complaint is dismissed." Manifestly, the court, on plaintiff's motion to dismiss the counterclaim contained in defendants' amended answer, could not make an order dismissing plaintiff's complaint, for the reason that no motion had been made to dismiss the complaint. The defendants made no such motion.

I am, therefore, of the opinion that the court properly refused to dismiss the counterclaim and the defense therein contained set forth in the answer of the defendants and that the order appealed from in that respect should be affirmed. I am of the opinion that, in so far as the order appealed from purports to dismiss the plaintiff's complaint, the same should be reversed, without costs, and without prejudice to a motion by defendants to dismiss the complaint for insufficiency.

Order modified by striking out so much thereof as dismisses the complaint, and by denying the motion to strike out the answer, except in so far as to dismiss the counterclaim, and as so modified affirmed, with twenty dollars costs and disbursements to the appellant, with leave to defendants to serve an amended answer within ten days from service of order, upon payment of said costs.