LOUIS KRONMAN, Appellant, *v.* ROSE KRONMAN, Respondent.

First Department, March 27, 1936.

*James F. Donnelly* of counsel [*Samuel Michelman* and *Walter J. McNichols* with him on the brief; *Olvany, Eisner & Donnelly,* attorneys], for the appellant.

*Charles Wilson* of counsel [*Milton Hertz* with him on the brief, attorney], for the respondent.

PER CURIAM. On this motion addressed to the sufficiency of the defenses it was error to dismiss the complaint in the absence of a counter-motion seeking such relief. (*Bernard* v. *Chase National Bank*, 233 App. Div. 384.) Of course, if the complaint was insufficient, the court was not required to pass upon the defenses. They would be good enough for a bad complaint. (*Bernard* v. *Chase National Bank, supra.*) However, we deem the first cause of action sufficient. It is predicated upon a material false representation.

The second cause of action, however, is insufficient. It may not be sustained upon the theory of fraud. It fails to allege that the plaintiff would not have entered into the marriage contract had he known of the concealed fact. Nor may it be sustained on the theory of incapacity. The physical disabilities alleged were not of such a nature as to render the defendant physically incapable of entering into the marriage state and did not prevent her from performing the functions of a wife. (*Lapides* v. *Lapides*, 254 N. Y. 73.)

The motion to dismiss the defenses interposed to this cause of action, therefore, should have been denied.

With respect to the first cause of action, we are further of opinion that the motion to dismiss the defenses should have been denied. The first defense pleads *res adjudicata*, predicated upon the fact that ten years after the marriage of the parties, the defendant successfully prosecuted an action for separation against the plaintiff in the Supreme Court, Kings county, in which the plaintiff appeared and defended. While plaintiff herein could not have counter-claimed for an annulment, he had appropriate means to raise the issues he now relies upon. (*Warshor* v. *Warshor*, 130 Misc. 262; *Durham* v. *Durham*, 99 App. Div. 450; *Goodwin* v. *Goodwin*, 158 id. 171; *Murphy* v. *Murphy*, 194 id. 395.) Of course, if upon the trial it was found that the fraud had not then been discovered, the defense would probably fall. As the pleadings stand, however, we deem it sufficient.

The second defense to the first cause of action reiterates the allegations of the first, but pleads in addition that plaintiff, prior to the commencement of the separation action, had knowledge of all the facts set forth in his complaint and with such knowledge, twice applied for and obtained orders from the court granting him leave to move to modify the separation decree with respect to alimony and availed himself of such permission. This defense, for the reasons advanced concerning the first is likewise sufficient by way of *res adjudicata* and estoppel.

The third defense sets up the five-year Statute of Limitations provided for by section 1141 of the Civil Practice Act. While this statute would not inure to the benefit of the defendant so far as

the first cause of action alleges grounds for relief upon the ground of fraud, it is not pleaded as a defense to such cause of action. It is specifically pleaded as a defense to any cause of action predicated upon physical incapacity. As to such a cause of action it clearly would be a defense.

It follows, therefore, that the order and judgment appealed from should be reversed, and the motion of the plaintiff to strike out the defenses denied.

McAvoy, O'Malley, Townley and Glennon, JJ., concur; Martin, P. J., dissents in so far as it is held that the first cause of action is sufficient.

Judgment reversed and plaintiff's motion to strike out the defenses denied.