OTTO F. EICHHAMMER, Appellant, *v.* HELEN D. PARSONS, Respondent.

Argued January 19, 1937; decided March 9, 1937.

*Franklin T. Voelker* and *Pierson R. Hildreth* for appellant. The plaintiff was the owner of the dwelling house both before and after the foreclosure sale. (*Hood* v. *Whitwell*, 66 Misc. Rep. 49; 140 App. Div. 882; 200 N. Y. 566; *Melton* v. *Fullerton Weaver Realty Co.*, 214 N. Y. 571; *Lamb* v. *Cheney & Son*, 227 N. Y. 418.) To permit the defendant to retain the dwelling would be unjust and inequitable to the plaintiff. (*Greenslete* v. *Ferguson*, 191 App. Div. 745; *Buck* v. *Jones Bakery, Inc.*, 289 N. Y. Supp. 386; *Banta* v. *Merchant*, 173 N. Y. 292.) The complaint as drawn states a good cause of action. (*Lamb* v. *Cheney & Son*, 227 N. Y. 418; *McCarthy* v. *Heiselman*, 140 App. Div. 240.)

*Philip E. Barnard* for respondent. The complaint is defective in that it fails to allege that the defendant ever had control or possession of the building. (*Decker* v. *Mathews*, 12 N. Y. 313; *Graham* v. *Buffalo General Laundries Corp.*, 235 App. Div. 246; *McCarthy* v. *Heiselman*, 140 App. Div. 240.) It affirmatively appears from the complaint that the plaintiff was not the owner of the building at the time of the alleged conversion. (*Mott* v. *Palmer*, 1 N. Y. 564; *Becker* v. *McCrea*, 193 N. Y. 423; *Holmes* v. *Gravenhorst*, 263 N. Y. 148; *Loughran* v. *Ross*, 45 N. Y. 792; *Ombony* v. *Jones*, 19 N. Y. 234; *Talbot* v. *Cruger*, 151 N. Y. 117; *Hilton & Dodge Lumber Co.* v. *Murray*, 47 App. Div. 289; *Melton* v. *Fullerton-Weaver Realty Co.*, 214 N. Y. 571; *Heckscher Building Corp.* v. *Melton*, 113 Misc. Rep. 184; *Leonard* v. *Clough*, 133 N. Y. 292; *Sexton* v. *Breese*, 135 N. Y. 387; *Banta* v. *Merchant*, 173 N. Y. 292.)

LOUGHRAN, J.   This is a motion under Rule 106 of the Rules of Civil Practice for judgment dismissing the complaint for insufficiency on its face.   The gravamen of the pleading is that the defendant converted a dwelling house — " the property of the plaintiff "— by refusing the plaintiff's demand for permission to remove the structure from the land on which it stands.   Judgment is demanded for the value of the house less the cost of removal and of a new foundation.

The allegations are that the defendant and her husband conveyed to the plaintiff real property therein described on which was a two-story frame dwelling; that in part payment of the consideration for this conveyance the plaintiff gave to the grantors his bond secured by a purchase money mortgage containing this provision: " It being understood and agreed that all buildings now located on premises described herein may be removed by the mortgagor and are not included in or affected by the lien of this mortgage;" that the defendant's husband assigned to her all his interest in the mortgage; that she thereafter commenced its foreclosure by an action in which the plaintiff was served with the summons and complaint; that the provision above quoted from the mortgage was contained in the complaint, in the notice of sale and in the final judgment in the foreclosure action; that thereafter the plaintiff " made demand upon the defendant to enter upon the premises hereinbefore referred to for the purpose of removing therefrom the buildings on said premises;" and that the defendant " advised the plaintiff that she would not permit the plaintiff to enter upon the premises for the purpose of removing the buildings therefrom, and said defendant still refuses to permit the plaintiff to remove the said buildings from the said premises, and has converted the same to her own use."

There is no averment that the mortgaged premises were sold in the foreclosure action.   No fact is pleaded which suggests that the defendant ever had any posses-

sion, actual or constructive, of the property alleged to have been converted, or that she made any claim thereto.

It was the unanimous opinion of the Appellate Division, contrary to that of the Special Term, that the complaint is bad on its face. We agree that on the pleading as it is now framed the defendant cannot be held liable to the plaintiff. By a divided court the Appellate Division also ruled that the complaint is beyond saving by the addition of a statement that there had been a sale in the foreclosure action to the defendant who at the time of the plaintiff's demand was in possession of the dwelling house. This angle of the controversy has been here presented without discussion of the form of the recovery sought and as involving only the question whether at the time of his demand the plaintiff had lost the right he demanded. We do not go beyond the argument that has been made to us.

It is admitted that the plaintiff's right to sever the dwelling continued to exist until the entry of final judgment in the foreclosure action. " But where the land and the buildings thereon belong to the same person, then the buildings are a part of the real estate and pass with it upon any conveyance thereof." (*Leonard* v. *Clough*, 133 N. Y. 292, 297.) So in this case, says the defendant, you are to assume that the dwelling went with the land to the purchaser on foreclosure with the result that the right of the plaintiff to take away the structure then came to an end. Without assenting to this conception of the extent of the plaintiff's right, we will assume that he lost his interest in respect of the mortgaged premises by his default in the foreclosure action, unless it is to be held — and this was the point of difference in the Appellate Division — that the dwelling was constructively severed from the land before the sale in foreclosure was consummated. In our opinion this complaint may by amendment be made to tender that issue.

By her pleading in the foreclosure action the defendant disclosed that the lien of the mortgage did not include or

affect any building standing on the premises when the mortgage was given and that the mortgagor was entitled to remove such structures. Accordingly it was proper that in that action the conceded interest of the plaintiff should have been protected under the general power and authority of the court to define and describe in its judgment the property to be sold. (*Brown* v. *Keeney Settlement Cheese Assn.*, 59 N. Y. 242.) The foregoing provision of the mortgage was incorporated into the judgment of foreclosure and sale. These are the words: " It being understood and agreed that all buildings now located on premises described herein may be removed by the mortgagor and are not included in or affected by the lien of this mortgage." That provision was repeated in the notice of sale.

We cannot accept the conclusion that a purchaser at foreclosure would understand that the interest of the plaintiff was put in jeopardy of extinguishment by being described in the judgment and in the notice of sale in the very words in which that interest was defined by the mortgage. In the absence of proof to the contrary, the sale must be presumed to have been conducted in accordance with the judgment directing it. (*Hart* v. *Wandle*, 50 N. Y. 381.) To our minds it follows, *prima facie* at least, that a constructive severance was effected and that the defendant could not have acquired the dwelling on the foreclosure sale. In all this the case differs from *Banta* v. *Merchant* (173 N. Y. 292). In that case neither the conditions of sale nor the judgment made any reference to the plaintiff's interest in a crop of rye growing on the property sold, and the statement made by the referee to sell " was at most a notice that there was a claim against the rye, of some indefinite character and extent, subject to which the premises would be sold." (Id. 296.) All that was there decided was " that the evidence was insufficient to establish a reservation of the rye at the sale by the referee." (Id. 297.)

We express no opinion as to the measure of damages here adopted by the plaintiff. Perhaps in some historical sense he has no case in trover. Even so, it is not denied that he can maintain this action if the defendant, being in a position to assent, refused to allow exercise of his right. (Cf. *Melton* v. *Fullerton-Weaver Realty Co.*, 214 N. Y. 571.)

The judgment should be modified by providing that the plaintiff may have ten days in which to serve an amended complaint on payment of costs in all courts and as so modified affirmed. (See *Al Raschid* v. *News Syndicate Co.*, 265 N. Y. 1.)

CRANE, Ch. J. (dissenting). I go further than Judge LOUGHRAN and hold that the defendant's possession and refusal to give up possession are sufficiently alleged. I think the plaintiff is entitled to relief without formal amendment. All parties understood from the beginning the respective claims. The complaint as stated in the paper served on the defendant is not ambiguous or uncertain. Surely the defendant is not entitled to a house she did not buy and had no intentions of buying.

Otherwise I agree with what Judge LOUGHRAN has said.

The judgment of the Appellate Division should be modified in accordance with the opinion of LOUGHRAN, J., and as so modified affirmed, with costs in all courts.

O'BRIEN, HUBBS, FINCH and RIPPEY, JJ., concur with LOUGHRAN, J.; CRANE, Ch. J., dissents in memorandum and votes to reverse; LEHMAN, J., dissents and votes to affirm.

Judgment accordingly.