JOHN P. DIDIER, Doing Business under the Name of DIDIER PUB-LISHERS, Appellant, *v.* MACFADDEN PUBLICATIONS, INC., Respond-ent, et al., Defendants.

Argued January 6, 1949; decided April 14, 1949.

*Milton E. Mermelstein* and *Jay I. Julien* for appellant. I. The pleadings state a cause of action for breach of express warranty of title. (*Brodsky* v. *Hibel,* 94 Misc. 312; *Abrams* v. *Allen,* 297 N. Y. 52; *Condon* v. *Associated Hosp. Service of N. Y.,* 287 N. Y. 411; *Dyer* v. *Broadway Central Bank,* 252 N. Y. 430.) II. The pleadings state a cause of action under the doctrine of anticipatory breach for Macfadden's repudiation of the contract in advance of Macfadden's complete performance. (*Dimon Corp.* v. *Federal Sugar Refining Co.,* 215 App. Div. 140; *Parsons* v. *Dura Realty Corp.,* 136 Misc. 700; 5 Williston on Contracts [Rev. ed.], § 1325; *De Forest Radio Tel. & Tel. Co.* v. *Triangle Radio Supply Co.,* 243 N. Y. 283; *Ga Nun* v. *Palmer,* 202 N. Y. 483; *Windmuller* v. *Pope,* 107 N. Y. 674; *Howard* v. *Daly,* 61 N. Y. 362.) III. The pleadings state a cause of action for breach of implied obligations not to repudiate the contract or interfere with performance. (*Kirke La Shelle Co.* v. *Armstrong Co.,* 263 N. Y. 79; *Cameron-Hawn Realty Co.* v. *City of Albany,* 207 N. Y. 377; *Patterson* v. *Meyerhofer,* 204 N. Y. 96; *Losche* v. *Hurtig,* 221 App. Div. 775, 250 N. Y. 619; *Anderson* v. *Steinway & Sons,* 178 App. Div. 507, 221 N. Y. 639; *McKean* v. *Hill,* 166 App. Div. 18; *Anvil Mining Co.* v. *Humble,* 153 U. S. 540.)

*Henry E. Schultz, Joseph Schultz* and *Joseph E. Ginn* for respondent. I. The first cause of action of the complaint, together with the bill of particulars, does not state facts sufficient to constitute a. cause of action for anticipatory breach of contract. II. The first cause of action, together with the bill of particulars, does not state facts sufficient to constitute a cause of action for breach of contract. (*Anderson* v. *Steinway & Sons,* 178 App. Div. 507, 221 N. Y. 639.) III. There is no basis for the contention that the complaint may be sustained as a cause of action for breach of the warranty by defendant that it had absolute title to the book rights.

DYE, J. This is an appeal by permission of the Appellate Division, First Department, from its order affirming an order of the Special Term, Supreme Court, New York County, dismissing the plaintiff's complaint, in a contract action, for insufficiency under rule 112 of the Rules of Civil Practice with leave to plaintiff to amend and upon the following certified question: "Does the first cause of action of the complaint, together with the bill of particulars, contain facts sufficient to state a cause of action?"

The complaint alleges two causes of action, the first against defendant, Macfadden, and the second against defendant, Colbert, but as the latter has not been served and has not appeared, only the first cause of action is being considered.

The plaintiff alleges in substance for the first cause, that it is a book publisher; that on July 11, 1946, it entered into a written contract with the defendant Macfadden by which the latter assigned and granted plaintiff the sole and exclusive right to publish or have published in book form, a series of articles written by Claudette Colbert which had appeared in its magazine, *Photoplay*, entitled "What Should I Do?" The contract is annexed to the complaint and is incorporated by reference. It appears to be a stock form in common usage among authors and publishers, of which many clauses were inappropriate to the present transaction and were lined out, the margin being initialed by the respective parties. The approved recitals contained, among others, a warranty that the defendant was sole proprietor of the work and had full power and authority to enter into the agreement and a provision for indemnification of the plaintiff for its loss for breach prior to publication and a covenant to deliver any and all documents necessary to effectuate the terms of the contract. The contract is comprehensive in scope and appears to be complete on its face and in fact, recites that it is "the entire understanding of the parties." The complaint alleges that the plaintiff was ready, able and willing to perform and offered to perform, and includes:

"SEVENTH: * * * but the defendant, Macfadden Publications, Inc., prevented due performance by the plaintiff of the said contract in that said defendant failed and refused to permit the plaintiff to publish the work described in said contract and

threatened to bring injunction proceedings to restrain plaintiff from publishing said work.

" EIGHTH: The defendant, Macfadden Publications, Inc., has breached and violated its said contract with the plaintiff in that it failed and refused to permit the plaintiff to publish the work described in said contract, and prevented plaintiff from publishing the said work by threatening to bring injunction proceedings to restrain the plaintiff from publishing the said work."

The defendant filed its answer, generally denying such allegations and as a separate defense, alleged that the parties had entered into a separate coincident agreement to the effect that the plaintiff was to get the approval of Miss Colbert to the jacket of the proposed book and proofs of the manuscript before publication and this it had failed to do.

The plaintiff thereafter furnished its bill of particulars which referred to a telephone conversation and to certain letters written by the defendant after the signing of the contract, copies of which were attached, all dealing with Miss Colbert's unwillingness to approve the publication. One such letter dated April 25, 1947, written by defendant's attorneys referred to their examination of the contract as indicating that publication of the book was conditioned upon " the approval by Miss Colbert of the jacket and the proofs of the manuscript " and concluded with the statement, " We trust that you will not make it necessary by your disregard of this essential provision for us to proceed with injunction proceedings and an action to recover consequent damages."

The certified question makes reference to the bill of particulars so we are reading it in connection with the sufficiency of the complaint. Our task is made difficult by the circumstance that the plaintiff in Special Term and in the Appellate Division has contended for an application of the doctrine of anticipatory breach, it being his contention that when Macfadden insisted that the contract was conditioned on Miss Colbert's approval, which condition did not appear in the contract and threatened injunction proceedings, it repudiated and breached the contract and made performance by the plaintiff futile. Counsel also claimed breach of an express warranty of title and breach of an implied warranty inherent in the contract not to repudiate or interfere with its performance.

It is, of course, axiomatic that pleadings under attack shall be accorded every fair and reasonable intendment but in so doing it is necessary to keep in mind that a good pleading shall contain a plain and concise statement of material facts on which the party pleading relies. (Civ. Prac. Act, §§ 241, 255.) While this bespeaks liberality, it cannot be used as a substitute for matters of substance (*Union Trust Co.* v. *Main & South Sts. Holding Corp.*, 245 App. Div. 369), nor may conclusory statements of law be utilized to supply material facts by inference within the doctrine of liberal construction. (*Kalmanash* v. *Smith*, 291 N. Y. 142.)

The language used in the pleading is so indefinite as to leave one in doubt just which of two inconsistent remedies the plaintiff seeks to employ. Whether he seeks damages for a breach of an express or implied warranty is hard to determine in the absence of an allegation showing the fact of the existence of such warranty and its breach by the defendant. (*Du Pont Automobile Distributors* v. *Du Pont Motors*, 213 App. Div. 313.) On the other hand, the pleading lacks sufficient allegations excusing his own nonperformance because of defendant's threatened injunction proceeding. The contract sued upon is executory in part and before plaintiff may sue for its breach he must show an absolute repudiation by language or act making it futile for him to proceed. (5 Williston on Contracts, § 1324; 17 C. J. S., Contracts, § 472.) Here such allegations are a matter of substance which cannot be overlooked under the guise of liberal construction required by section 275 of the Civil Practice Act. It may be the plaintiff can amend his pleading showing sufficient facts that he is entitled to pursue one or the other remedy. We have authority to grant such permission. (*Al Raschid* v. *News Syndicate Co.*, 265 N. Y. 1; *Eichhammer* v. *Parsons*, 273 N. Y. 208; *Fitzgerald* v. *Title Guar. & Trust Co.*, 290 N. Y. 376.)

The order of the Appellate Division should be affirmed, with leave to the plaintiff to serve an amended complaint within twenty days upon payment of costs in all courts. The question certified is answered in the negative.

LOUGHRAN, Ch. J., LEWIS, CONWAY, DESMOND and FULD, JJ., concur.

Order affirmed, etc.