Frederick L. Kopff, J.
In this action plaintiff seeks a judgment declaring her marriage to defendant to be null and void on the ground of fraud, in that defendant concealed from her the fact that he was of Italian descent and of the Catholic faith ; that she married him in the belief that he was of the Jewish faith and that they would have a Jewish ceremony and would not have married him had she known otherwise.
After the conclusion of the trial defendant moved to reopen the case and offered in evidence the judgment record in a previous action brought by plaintiff against defendant for a separation on the ground of cruel and inhuman treatment and nonsupport, wherein judgment was entered on the 7th day of June, 1955 in favor of plaintiff against defendant and granting alimony and custody of the infant issue of the marriage to plaintiff.
The complaint in the action for separation, verified November 16, 1954, alleged the marriage of plaintiff and defendant on the 19th day of December, 1953 and the birth of the issue of the *61 marriage oil December 29, 1951; that the parties met in May, 1950 and in or about September, 1950 the parties informed plaintiff’s mother that they were married in New Jersey; that the defendant’s name was Leonard Diamond; that he never had and does not belong to the Jewish faith; that the plaintiff did not find out the faith of the defendant until the issue of the parties was born and did not find out defendant’s name until six months after their child was born; that, at the time of their marriage on December 19, 1953 the parties were residing with plaintiff’s mother; that within a few days after the marriage ceremony plaintiff, defendant and their child left the home of plaintiff’s mother and went to live in a two-room furnished apartment; that in June, 1954 plaintiff and their child returned to the home of plaintiff’s mother. The affidavit of plaintiff, also verified the 16th day of November, 1954, submitted in support of plaintiff’s application for alimony and counsel fees, reiterates the allegations of the complaint. The defendant did not defend that action. Plaintiff’s testimony on the trial of the uncontested separation action is devoid of any claim of fraud by the defendant. However, plaintiff’s mother, testifying on behalf of her daughter, testified defendant told her his name was Leonard Diamond and that he was Jewish, but, that, in fact, he was Italian, and his name was “Vesci.” The record further discloses that in August, 1955, plaintiff obtained an order adjudging defendant guilty of a contempt for failure to pay alimony and counsel fee; that on November 3, 1955 plaintiff obtained an order committing defendant to the county jail for failure to purge himself of the contempt; that in March, 1956, by order to show cause, defendant moved to open his default in the separation action and to vacate and set aside the judgment entered therein and for permission to defend said action. Plaintiff opposed the motion which was denied.
It is undisputed, from the record, that at the time plaintiff commenced her action for a separation in November, 1954 she knew and had known, since the birth of issue on December 29, 1951, that defendant was not of the Jewish faith and had known defendant’s true name at least since June, 1952, and the plaintiff, defendant, and their child resided together until June, 1954.
While, ordinarily, a judgment of separation is not res judicata in a subsequent action for an annulment, since the issues in the two actions are not the same, one being to uphold the marriage and the other to set it aside, plaintiff’s institution of the separation action with knowledge of the fraud, her efforts to obtain the benefits provided by the separation decree, to the extent of obtaining an order committing defendant to jail for contempt, *62 her opposition to defendant’s application to open his default and litigate the issues raised in the separation action, all of which must presuppose a valid marriage, certainly estops plaintiff from now claiming otherwise. Furthermore, plaintiff elected to sue for a judgment of separation, establishing the marriage rather than for an annulment declaring there was no marriage, and such election also bars her present action. Statter v. Statter (2 A D 2d 81), relied upon by plaintiff, does not hold to the contrary. There, plaintiff sought an annulment on the ground that her marriage was void, defendant having a wife living at the time of his marriage to plaintiff, and defendant set up a judgment of separation obtained against plaintiff. The holding of the court is to the effect that the judgment of separation was not res judicata in the annulment action since the two causes of action were different. While the plaintiff therein had some knowledge of the bigamous marriage at the time the separation action was commenced, her failure to interpose the defense was caused by the fraud of the husband in denying he was the same party, hut the court noted (p. 88): “ If it should appear that the instant wife, before her marriage, knew or should have known of the prior marriage, an entirely different situation might be presented.” See, also, Kronman v. Kronman (247 App. Div. 186), where the court held the fact that plaintiff, prior to the commencement of a separation action, had knowledge of all the facts set forth in the complaint and, with such knowledge, applied for and obtained orders of the court granting him leave to modify the separation decree with respect to alimony and availed himself of such permission, was a sufficient defense by way of res judicata and estoppel.
Judgment is granted in favor of defendant against the plaintiff.