J. Irwin Shapiro, J.
The defendant Gabor Holding Corporation and the defendants Gilman, Closer, Lander and Krieger move, by two separate motions, to strike out the complaint pursuant to section 241 of the Civil Practice Act and rule 103 of the Rules of Civil Practice on the grounds that it fails to set forth a plain and concise statement of the material facts, that it contains sham, irrelevant, unnecessary, and impertinent matter which may tend to prejudice, embarrass and delay a fair trial of the action, and that it is replete with conclusions of fact or, in the alternative, to strike from said complaint certain paragraphs and parts of paragraphs for like reasons.
This is an action to recover damages in the sum of $2,000,000, alleged to have been suffered by the plaintiffs as the result of a conspiracy entered into by the defendants. Plaintiffs claim that as a result they were stripped of their property which ‘ ‘ has been brought to near-ruin ’ ’; and that they were forced “to undergo great expense in defending against and resisting the plots and schemes of defendants ”.
The complaint does not comply with the provisions of section 241 of the Civil Practice Act. It is replete with conclusions and superfluous matter and fails to furnish the defendants with a plain and concise statement of the material facts upon which the plaintiffs rely for a statement of th ir cause of action. When a pleading is as confused and ram' e™ a document as is the present complaint, it does not inf 1¡3]Ling adverse parties of the issues they must be prepared to ‘m > trial ‘ ‘ without the risk of surprise by some unfore mefit a£ ^action ”. (Kalmanash v. Smith, 291 N. Y. 142, 154.) circumstances it is neither proper nor necessary! -gn¿er sucurt to attempt to draft a new complaint for the pi £Qr ^ie eoiking a “ selection from the mass of verbiage and matter to isolate a modicum of facts that are material. Atnpler and more summary method exists. In such a case ^ court will strike out the entire pleading and require the plaintiff to serve an amended pleading following proper methods.” (Tankoos v. Conford *824 Realty Corp., 248 App. Div. 614; Leffingwell v. Daily Mirror, 257 App. Div. 311, 313.)
As was noted in Isaacs v. Washougal Clothing Co. (233 App. Div. 568, 572):
“ The purpose of pleadings is to present and define the issues to be tried and determined, and not to confound and befog them. Slovenly drawn pleadings tend to deceive the opposing party, confuse the issue, and unnecessarily consume the time of the court.
“ To save a complaint, needless allegations are sometimes disregarded. But I know of no rule which requires the court to expunge and overlook the larger part of a pleading, and treat such portion as a phantom, in order to save the small part which is left, and hold the pleading good.
‘ ‘ The court should not be compelled to wade through a mass of verbiage and superfluous matter in order to pick out an allegation here and there, which, pieced together with other statements taken from another part of the complaint, will state a cause of action. The time of the court should not be taken in a prolonged study of a long, tiresome, tedious, prolix, involved and loosely drawn complaint in an effort to save it. ’ ’
Accordingly, the motion is granted and the entire complaint is stricken with leave to the plaintiffs to serve an amended complaint within 20 days after the service of a copy of the order hereon with notice of entry thereof in which the ultimate facts relied upon by plaintiffs shall be succinctly stated in accordance with the provisions of section 241 of the Civil Practice Act. Submit order.