J. Irwin Shapiro, J.
The plaintiff, appearing by counsel, moves to strike out certain paragraphs contained in the answer of defendant “ on the ground that they are sham, frivolous and irrelevant ” and for a further order dismissing the defendant’s counterclaim ‘ ‘ on the ground that said counterclaim does not state facts sufficient to constitute a cause of action ” and that the paragraphs constituting said counterclaim “ are sham, frivolous and irrelevant.”
The plaintiff and the defendant are wife and husband respectively. In an action in the Supreme Court, Nassau County, defendant husband, as plaintiff, sued his wife for a separation. When that action came on for trial the defendant wife “ withdrew her answer ” and the plaintiff husband thereupon, by inquest, obtained a judgment of separation from Mr. Justice Mario Pittoni on June 27, 1958. It said in part:
“ Ordered, adjudged and decreed that anthony vozza, the plaintiff be and is hereby separated from barbara vozza, the defendant, her bed and board forever because of the abandonment of the plaintiff, anthony vozza * * *, and it is further S # #
‘ ‘ Ordered, adjudged and decreed, that pursuant to the terms of the stipulation of the parties and their attorneys made a part of this Court’s decision and filed herein, barbara vozza, the defendant be and she hereby is awarded the care, custody and control of barbara marie lawson vozza, the infant child of said marriage between the plaintiff and defendant, and it is further
*706 “ Ordered, adjudged and decreed that the wife shall be entitled to take and retain certain listed articles now in the marital apartment.” (Emphasis supplied.)
The present action by the wife against the husband is to annul the marriage between the parties. The defendant appears in person and, as might well be expected, his papers and pleadings are not drawn with the same nicety with which they might be drawn if prepared by competent counsel. It is clear, however, that no matter how inartistically drawn the defendant is asserting as a defense, the fact that the prior judgment of separation between his wife and himself is res judicata of the plaintiff’s action to annul this marriage.
His point seems to be well taken. There could only be a valid judgment of separation between the parties if there were a valid relationship of husband and wife between them. That has been adjudicated by the judgment of separation and so long as that judgment stands it is determinative and conclusive as to the validity of the marital relationship between the parties, at least as to conditions existing and known to the plaintiff wife before the rendition of the judgment. (Kronman v. Kronman, 247 App. Div. 186.)
The facts set forth in the present complaint seeking an annulment, as well as the affidavits in connection with the cross motion, show conclusively that the annulment here is sought on grounds existing and known to the plaintiff wife at the time of the entry of the judgment of separation. This alone is a bar to the plaintiff’s maintenance of this action.
Prior to the court’s determination in the separation action, the parties entered into a stipulation which by its terms was to be incorporated in the judgment of separation and which dealt, among other things, with the custody of the child of the marriage. As a quotation from the judgment itself shows, that stipulation was incorporated into the judgment. Thus, at a time when “ she was fully aware of all the facts upon which she rests her present cause of action” she had the “ right of election, either to confirm the marriage or disaffirm it.” She chose, by entering into the stipulation for incorporation into the judgment of separation, to treat ‘ * the marriage as a valid and binding contract. Having made this election and acted thereupon, she cannot now revoke her choice and proceed as upon a contrary decision.” (Riley v. Riley, 89 N. Y. S. 2d 347, 349.) Although in that case it was the plaintiff seeking the annulment who had herself obtained the judgment of separation, the principle of estoppel by conduct is the same since in the case before us the plaintiff wife affirm *707 atively acquiesced in the rendition of the judgment of separation against her.
The defendant, by a cross motion, has asked that the complaint be dismissed “on a claim of res adjudicata and the fact that the allegations set forth in said complaint do not constitute sufficient grounds for an annulment action.”
If the defendant appeared by counsel one would perhaps consider whether the cross motion could be made under rule 107 of the Buies of Civil Practice, because of the interposition of an answer and the time lag involved, but in view of the ultimate facts in the case, which are not disputed so far as the claims of res judicata and estoppel are concerned — and the necessary legal effects flowing therefrom — technicalities of nomenclature should not be permitted to stand in the way of a disposition of this action.
Under rule 113 of the Buies of Civil Practice, as now in effect, a motion for summary judgment may be granted in a matrimonial action where it is based upon documentary evidence. There is such documentary evidence in this case — the judgment of separation and the other documentary proof in the record.
Therefore, whether the defendant’s application is considered as a motion to dismiss the complaint under rule 107 of the Buies of Civil Practice on the ground that the complaint sets forth a cause of action which plaintiff may not maintain, or whether the motion be deemed one for summary judgment under rule 113 of the Buies of Civil Practice is immaterial, for the same result follows, to-wit a dismissal of the complaint. Such a dismissal is, therefore, granted on defendant’s cross motion, and the plaintiff’s motion is denied.
The issue of custody raised by the defendant’s counterclaim is not passed upon, since that should be the subject matter of a writ of habeas corpus.
Submit order accordingly.