Charles Margett, J.
The plaintiffs move to strike for legal insufficiency the first partial defense contained in the- answer to the supplemental complaint and the three defenses therein referred to as the second, third and fourth.complete defenses.
Preliminarily the defendants have raised the objection that William B. Klein, Esq., the attorney making this motion on behalf of all the plaintiffs, has no right or authority to do so on behalf of the plaintiff Frances Ursini since she has previously substituted him in this and other litigation to which she is party. Admittedly, no stipulation of substitution has been filed in this action (Bules Civ. Prac., rule 56) and the plaintiff France's Ursini has submitted an affidavit, sworn to on October 19, 1959, supported by an affidavit of William B. Klein, Esq., from which it appears conclusively that Mr. Klein continues to represent her in this action and that the instant motion is made on behalf of all the plaintiffs, including Mrs. Ursini. The preliminary objection is, accordingly, overruled.
The defendants in their brief seek leave to withdraw their third complete defense. As to the partial defense and the remaining complete defenses, they urge that these defenses should be sustained as sufficient in law on the face thereof, and that the supplemental complaint, with respect to which these defenses were asserted, should be dismissed “ with finality ” for legal insufficiency since plaintiffs’ motion searches the recoi-A
It has been held ‘ ‘ that a bad answer is good enough for a bad complaint.” Also, that plaintiffs’ attack upon the answer permits scrutiny of the complaint and if such pleading is defective, plaintiffs’ motion addressed to the answer must be denied. (Manson v. Curtis, 223 N. Y. 313, 319; Baxter v. McDonnell, 154 N. Y. 432.) In other words, if the complaint is found insufficient, the court is not required to pass upon the defenses. (Kronman v. Kronman, 247 App. Div. 186.) Formerly, a complaint thus found insufficient could not be dismissed in the absence of a cross motion by the defendant for such specific relief. (Bernard v. Chase Nat. Bank, 233 App. Div. 384; New Amsterdam Cas. Co. v. National Union Fire Ins. Co., 236 App. Div. 494.) Subdivision 6 of rule 109 of the Buies of Civil Practice, however, pursuant to which plaintiffs’ motion (addressed to the defenses in this *826 action) has been made, expressly provides that “ the court hearing the motion may dismiss the complaint, and in its discretion allow the plaintiff to amend the complaint upon such terms as are just, even in the absence of a cross motion therefor.”
This action is to recover two million dollars in damages claimed to have been sustained by the plaintiffs as the result of an alleged conspiracy entered into by the defendants to seize and wrest by tortious acts from the individual plaintiffs all of their interest in the stock of the plaintiff Fun Fair Park, Inc., which “ since August, 1956, was and still is the owner in fee of the certain land and buildings thereon, some 10 acres, situated at Whitestone Parkway and Linden Place, Flushing, in the County of Queens, consisting of a ‘ Kiddie Amusement Park, ’ * * * a large restaurant structure with outhouses and a large parking area adjacent.” The conspiracy, claimed to have been commenced “in or about May, 1956,’’ is alleged to have been carried out by overt acts pleaded in 12 subparagraphs labeled “ (a) ” to “ (k) ” of paragraph numbered ‘1 Twelfth 5 ’ of the supplemental complaint.
Upon two separate motions pursuant to section 241 of the Civil Practice Act and rule 103 of the Rules of Civil Practice addressed to the original complaint on the grounds that it failed to set forth a plain and concise statement of the material facts, that it contained sham, unnecessary, irrelevant and impertinent matter, au,d that it was replete with conclusions, the court struck that pleading in its entirety with leave to plead over succinctly the ultimate facts relied upon by plaintiffs (22 Misc 2d 822). An amended complaint was subsequently served, following which the plaintiffs were given leave, on motion, to serve supplemental complaint and to add three additional party defendants. The defendants likewise were permitted to supplement their answer. (N. Y. L. J., Aug. 25, 1959, p. 5, col. 5.)
The defendants contend that the 12 subparagraphs containing the overt acts charged to them are replete with conclusions, are without dates and supporting facts and that except for minor changes in wording, the allegations are as defective as those contained in the original complaint which was stricken in its entirety. That is true. The “ overt acts ” with which the defendants are charged are so general, indefinite, conclusory and lacking in factual specifications as to be insufficient to constitute a cause of action. For example, in subparagraphs (a) defendants are charged with “ abruptly and arbitrarily demanding changes of the building specifications, imposing substantially increased building costs ”; (b) in permitting liens of mechanics *827 and suppliers to be “ piled up * * * and otherwise causing delays and confusions and upset of the construction program of plaintiffs”; (c) in “instigating and encouraging building loan mortgagees to file * * * suits in foreclosure of their mortgages while continuing to withhold large monies due from them”; (d) that defendants instigated and encouraged and prompted groups of lienors and mortgagees to press their claims “ knowing full well that the said groups, and, the members thereof, might otherwise not so proceed against the plaintiffs ” and ‘1 using, alternatively, private assurances of payment to the said groups and the members thereof, and repudiation of the said assurances in connection therewith ”; and (e) that the defendants repeatedly made “ threats to ruin the plaintiffs and to take over the property of the plaintiffs in conjunction with the acts set forth” in subparagraph (d). The same defect in pleading is found in the remaining subparagraphs which allege little more than generalities without any ultimate facts to support them.
Indeed, in subparagraphs (j) and (k), the plaintiffs charge the defendants with the “ practice ” of “ a series of frauds and deceptions upon ” named courts. No facts are alleged as to the manner and means the defendants utilized the courts and allegedly practiced frauds and deceptions therein. The charge is made that the defendants gave ‘ ‘ false and fraudulent testimony ’ ’, without pleading the ultimate facts as to what that, testimony was and wherein it was false, fraudulent and material. Subparagraph (k) is in the nature of a peroration. It goes so far as to allege that beginning on or about July 1, 1958, and continuing to date, the defendants “ did amongst and between them and out of court arrange to withhold and suppress from the said courts, and to deprive these said courts of the truth, and the whole truth, and thereby to obtain from the said courts, decisions, judgments and adjudications, knowing full well that if they disclosed the full truth, and did not arrange to so withhold and suppress the same, their objectives as aforesaid could not be realized, and defendants have carried out said arrangements, suppressions and withholdings, and thereby obtained decisions, judgments and adjudications, in violation of justice and in defeat and hindrance thereof, and in said process have further misled and deceived plaintiffs’ attorney in connection therewith ’ ’.
So general and diffuse are the foregoing allegations that they cannot properly serve the function of pleading, which, in the last analysis, has for its purpose the formulation of issues for *828 trial and the avoidance of “ risk of surprise by some unforeseen construction of an obscure pleading.” (Kalmanash v. Smith, 291 N. Y. 142, 154.)
The requirement of section 241 of the Civil Practice Act that ‘ ‘ ‘ Every pleading shall contain a plain and concise statement of the material facts * * * on which the party pleading relies ’ ” * * * “is not satisfied * * * by conclusory statements. General allegations of misconduct will not do in the absence of statements of those facts upon which are based the pleader’s conclusions that the acts of which complaint is made are wrongful, lacking in good faith, or unlawful, as the case may be. ‘ A pleading which, fairly construed, failed to allege any facts which constitute a wrong but only general conclusions, is entirely insufficient and may be dismissed on that ground. ’ (Gerdes v. Reynolds, 281 N. Y. 180, 183, 184.) ” (Kalmanash v. Smith, supra, p. 153.) The rule that a pleading, attacked for legal insufficiency, must be accorded every fair and reasonable intendment, “ cannot be used as a substitute for matters of substance ’ ’ and legal conclusions ‘ ‘ utilized to supply material facts by inference within the doctrine of liberal construction.” (Didier v. Macfadden Pub., 299 N. Y. 49, 53.)
It follows that the- plaintiffs ’ supplemental complaint must be and is dismissed for failure properly to plead a cause of action. Accordingly, the defenses have not been passed upon and plaintiffs’ motion addressed thereto is denied. (Kronman v. Kronman, supra.)
Although this is the third complaint served by the plaintiffs and the defendants seek dismissal with finality (see Dulberg v. Mock, 286 App. Div. 1008, mod. 1 N Y 2d 54), the plaintiffs will be extended another opportunity to draft a complaint in accordance with established rules of pleading as herein set forth and in the opinion of Mr. Justice Shapiro, who dismissed the original complaint (22 Misc 2d 822). The new complaint will be served within 20 days after the service of a copy of the order to be entered hereon and will omit the five-line paragraph which has been added for the first time to subparagraph (k) of the supplemental complaint. To the extent that plaintiffs added to the supplemental complaint as served what was not contained in that pleading as proposed when the motion was made, such addition was unauthorized (cf. Meier v. Meier, 276 App. Div. 915). Submit order.