James J. Conroy, J.
Motion by defendants to dismiss the supplemental complaint for legal insufficiency.
Plaintiffs have brought this action to recover the sum of two million dollars, the damages claimed to have been sustained by them as the result of an alleged conspiracy by defendants to wrest from the individual plaintiffs all of their interest in the stock of the corporate plaintiff which, according to the third paragraph of the complaint, “ was and still is the owner in fee of the certain lands and buildings thereon, about ten acres, situated at Whitestone Parkway and Linden Place, Flushing, County of Queens, consisting of a ‘ Kiddie Amusement Park ’, containing some 21 ‘ rides ’ or amusement units, a large restaurant structure with outhouses and a large parking area.”
The complaint under attack is actually the fourth complaint served by plaintiffs. In a memorandum decision dated May 12, 1959 (22 Misc 2d 822, 823), Mr. Justice Shapiro struck out the complaint upon defendants’ motion under section 241 of the Civil Practice Act and rule 103 of the Rules of Civil Practice on the ground that “It is replete with conclusions and superfluous matter and fails to furnish the defendants with a plain and concise statement of the material facts upon which the plaintiffs rely for a statement of their cause of action.”
In a seven-page memorandum decision dated November 12, 1959 (22 Misc 2d 824, 828), Mr. Justice Margett, upon plaintiffs’ motion to strike out defenses, dismissed the supplemental complaint and extended to plaintiffs “ another opportunity to draft a complaint in accordance with established rules of pleading as herein set forth and in the opinion of Mr. Justice Shapiro, *830 who dismissed the original complaint.” Mr. Justice Mabgetí, after a detailed analysis of the complaint before him, dismissed it, stating in pertinent part as follows (pp. 827-828) :
“ So general and diffuse are the foregoing allegations that they cannot properly serve the function of pleading which, in the last analysis, has for its purpose the formulation of issues for trial and the avoidance of ‘ risk of surprise by some unforeseen construction of an obscure pleading.’ (Kalmanash v. Smith, 291 N. Y. 142, 154.)
‘ ‘ The requirement of section 241 of the Civil Practice Act that ‘ ‘ ‘ Every pleading shall contain a plain and concise statement of the material facts * * * on which the party pleading relies ” ’ * * * £ is not satisfied * * * by conclusory statements. General allegations of misconduct will not do in the absence of statements of those facts upon which are based the pleader’s conclusions that the acts of which complaint is made are wrongful, lacking in good faith, or unlawful, as the case may be. £ £ £ A pleading which, fairly construed, failed to allege any facts which constitute a wrong but only general conclusions, is entirely insufficient and may be dismissed on that ground.’” (Gerdes v. Reynolds, 281 N. Y. 180, 183, 184.)’ (Kalmanash v. Smith, supra, p. 153.) The rule that a pleading, attacked for legal insufficiency, must be accorded every fair and reasonable intendment, £ cannot be used as a substitute for matters of substance ’ and legal conclusions £ utilized to supply material facts by inference within the doctrine of liberal construction.’ (Didier v. Macfadden Pub., 299 N. Y. 49, 53.) ”
Application of these basic, salutary rules to the instant complaint reveals their violation once again. The heart of this complaint is contained in its eleventh paragraph (the twelfth paragraph in the predecessor pleading), which is in turn composed of 15 subparagraphs, the last two of which, (n) and (o), are still further subdivided. This court is not again going to embark upon the fruitless journey of a paragraph-by-paragraph analysis of the pleading. While there are some changes in several of the paragraphs from the previous pleading found insufficient, suffice it to state that subparagraphs (a) through (1) utterly fail to meet the requirements of section 241 of the Civil Practice Act.
Subparagraphs (m), (n) and (o), however, warrant discussion. Subparagraph (m), which is actually introductory of sub-paragraphs (n) and (o), charges defendants in general and conclusory terms with wrongful and fraudulent conduct which culminated in a final judgment against plaintiffs in the New *831 York County Supreme Court, that is, “by false presentation, and representation and oath, to effectuate the same * * * and by suppressing for the proper and orderly and truthful presentation of the facts prior to and outside of Court with view to concealment of material facts from the Court, and with view to prevention of a fair and proper trial and hearing, on respective occasions, and particularly with respect to said final judgment.” Subparagraph (n) then goes on to state that among “ the false and fraudulent representations, of material nature, made to and for the purpose of influencing the Courts as aforesaid ” were in substance the following: (1) that a certain transaction was one for the purchase and sale of all of the outstanding, stock of the corporate plaintiff when in truth and in fact the purchase and sale was such only in form and the transaction was in fact intended only as a loan; (2) that defendants Gilman advanced and were to advance the moneys in that transaction when in fact they were only dummies without whom the advances might have been otherwise construed by the court; (3) that the defendant law firm represented defendants Gilman when in fact it represented all of the defendants under a single retainer and a single ultimate intent; (4) that the defendants Closer and Lander did not ask for changes from existing specifications when in fact changes were constantly demanded by them at substantial cost to plaintiffs, and (5) that defendants Closer and Lander refused to take possession and pay rent because of existing liens when in fact they agreed to waive those liens and knew that payment by them of sums due for construction would have erased those liens. According to subparagraph (o), “ amongst the acts of suppression and concealment, agreed upon by and between the defendants, for the purpose of withholding the true facts from the Court and opposing counsel, and with further purpose of preventing a due and orderly presentation of the evidence, and a fair trial, referring to the proceedings which led to the final judgment of July 1st, 1958 as aforesaid ” were in substance the following: (1) that there existed an agreement to indemnify the Gilmans for advances; (2) that the Gil-mans were separately and independently represented; (3) that defendants withheld expert testimony obtained by them as to the value of plaintiffs’ property and “ did belittle, ridicule and besmirch ” plaintiffs’ testimony on that most material fact.
Assuming that the allegations contained in subparagraphs (n) and (o) are of substance and sufficiently factual, they refer to the New York County Supreme Court action and no other. The thrust of those allegations is that the judgment in that action *832 was procured through perjury. As to this, the following excerpt from the opinion of Mr. Justice Shientag in Anchor Wire Corp. v. Borst (277 App. Div. 728, 729-730) is in point:
“ It is settled law that a plaintiff who has lost his case because of perjured testimony cannot sue the perjurer for damages. (Young v. Leach, 27 App. Div. 293.) "Whatever the justice of the rule, the principle has become too well established to be questioned, and plaintiff does not attempt to do so.
“ Plaintiff urges however, that where there is a conspiracy to defraud, the plaintiff may recover even though one means of effectuating the conspiracy was false testimony. The leading case on this point is Verplanck v. Van Buren (76 N. Y. 247, 260, 261). In that case, a suit by a receiver, defendants contracted to manufacture bricks on the premises of the bankrupt on shares. The defendants concealed their receipts and made false reports thereof. As part of this fraud, defendants made false contracts with a third party. A prior receiver brought suit against defendants for an accounting, but as a result of false testimony by defendants and the introduction of the false contracts, the receiver recovered only a portion of what the bankrupt was entitled to. Upon discovery of the fraud, the present receiver brought this action. The basis of the defense thereto was the former judgment and accounting.
“ The Court of Appeals reiterated the rule that no cause of action will lie for perjury or subornation of perjury. The case was distinguished, • however, in that there was an actionable fraud over and beyond the false testimony. It was held immaterial that the fraud was brought to a successful conclusion by the false testimony, since the false testimony ‘ is not the sole moving factor in the cause of action. ’ The fraudulent purpose, formed before the accounting and the trial, formed the chief basis of the cause of action. The acts of the defendants upon the trial were but a part of the entire transaction.” (Emphasis supplied. )
By their allegations in the eighth, ninth and tenth paragraphs of the complaint plaintiffs attempt to bring this case within the holding of Verplanck v. Van Buren (76 N. Y. 247, supra), which they cite. Those allegations, however, consist of conclusions pure and simple, as do the allegations of all of paragraph eleventh except subparagraphs (n) and (o) and they relate to the perjury. In other words, plaintiffs have failed sufficiently to allege ‘ ‘ an actionable fraud over and beyond the false testimony ” (Anchor Wire Corp. v. Borst, pp. 729-730, supra). “ The complaint in the instant case,” therefore, again employing the words of Mr. Justice Shiextag in the Anchor Wire *833 Corp. case (p. 730), “ cannot fairly be read to state a canse of action for a fraud over and beyond the false testimony. To state a good cause of action, plaintiff [s] must plead circumstances showing more than a conspiracy to commit perjury,” and that plaintiffs have not done. (See, also, Burbrooke Mfg. Co. v. St. George Textile Corp., 283 App. Div. 640.)
The motion is accordingly granted without leave to replead. Submit order.