Mabio Pittoni, J.
Motion to dismiss the complaint pursuant to rule 106 of the Buies of Civil Practice on the grounds that (1) the court does not have jurisdiction of the subject of the action, and (2) the complaint does not state facts sufficient to constitute a cause of action.
The complaint reveals: that in an action commenced by the defendant, Sarah Levine, as plaintiff in June, 1955, the plaintiffs herein, as defendants therein, had judgment obtained (Oct. 30, 1956) against them, on a cause of action to recover the balance due on a loan; that as defendants, the plaintiffs herein pleaded that the loan to a corporation known as U. N. Cleaners, Inc., was made not by Sarah Levine but by Seymour Levine who had “released and discharged the said loan”; that the defendants herein had conspired to name Sarah Levine as plaintiff therein although they knew that Seymour Levine was the real party in interest.
Assuming the truth of the allegations of the complaint, a cause of action is not stated. “It is an ancient law that an action does not lie for perjury, subornation of perjury or the use of false documents in an action or proceeding which determined the issues arising from such perjury and documents ’ ’ (Burbrooke Mfg. Co. v. St. George Textile Corp., 283 App. Div. 640, 641).
Here, there are no fraudulent acts of the defendants specified other than those connected with the conduct of the former trial. The question—Who made the loan, Sarah or Seymour Levine? *879 —was decided in that trial adverse to the plaintiffs herein. As stated in the Burbrooke case (supra, p. 644), “If the total objective of the scheme was the determined issue, then there is a bar ”. Not only does the prior judgment prevent a new trial of the issues as to Sarah and Seymour Levine, hut the remaining defendants who allegedly conspired with them in the preparation and conduct of the prior action may not be sued either (Fun Fair Park v. Gabor Holding Corp., 22 Misc 2d 829).
It is unnecessary to determine the jurisdictional question; but, see, Crouse v. McVickar (207 N. Y. 213) wherein it is stated at page 218, ‘ ‘ a judgment can be set aside for fraud by an action brought for that purpose, but it is the settled law * * * that the fraud for which a judgment can be impeached must be in some matter other than the issue in controversy in the action. ’ ’ (Emphasis supplied.) Since it is clear from this complaint that no fraudulent acts extrinsic to the prior action are involved, the plaintiffs had no right to institute an action to vacate the judgment.
Accordingly, the motion to dismiss the complaint as insufficient is granted.